John R. Parker, Jr. (SBN 257761)
CUTTER LAW P.C.
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile:  (916) 588-9330
jparker@cutterlaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| LISA RISSE,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL PORTER, RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff, LISA RISSE, hereby complains against Defendants MICHAEL PORTER (Porter), RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75, and each of them, and alleges as follows:

-1-

**JURISDICTION & VENUE**

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331(in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.     Plaintiff filed a timely Claim against Public Entity [Govt. Code §§ 815 *et al.*, 905, 910 *et al.*] against Defendants on October 8, 2018. On or about November 26, 2018, Plaintiff's claim was rejected by operation of law.

**PARTIES**

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants, DOES 1 through DOES 75, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants, DOES 1 through 75, inclusive, is responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

5.     Plaintiff LISA RISSE is now and at all times herein mentioned was a citizen and resident within the state of California.

6.     Defendant MICHAEL PORTER, is an individual who was at all times relevant to this complaint, employed as a law enforcement officer for the Fulton – El Camino Recreation & Park District.

7.     Defendant RIO LINDA ELVERTA RECREATION & PARK DISTRICT is a public entity, dully organized and existing under the laws of the State of California.

8.     Defendant FULTON – EL CAMINO RECREATION & PARK DISTRICT is a public entity, dully organized and existing under the laws of the State of California.

9.     Defendant COUNTY OF SACRAMENTO is a public entity, dully organized and existing under the laws of the State of California.

## CONTINUING VIOLATIONS

10.     The wrongful acts and omissions giving rise to Defendants' liability in this action commenced in or about April 13, 2018 and have been, and are continuing in nature as of the date of filing this Complaint. Plaintiff reserves the right to amend her Complaint as new and additional facts and claims arise or become known to Plaintiff.

## FACTUAL BACKGROUND

11.     On April 13, 2018 and continuing to the present day, LISA RISSE sustained injuries when she was wrongfully detained, publicly humiliated, continuously harassed, and defamed by Defendant MICHAEL PORTER in the weeks following Plaintiff's initial encounter with that Defendant.

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On April 13, 2018, Plaintiff LISA RISSE was at her son's little league baseball game with her husband, Dana Risse, and her daughter at Westside Park in Sacramento, California. The game ended at approximately 10:00 p.m., after which Plaintiff LISA RISSE began making her way to her vehicle with her daughter.

14.     As Plaintiff approached her vehicle she began to greet Defendant MICHAEL PORTER who was standing behind Plaintiff's vehicle. Defendant immediately directed his squad car's spotlight at Plaintiff's face, while shouting demands to produce identification. Due to the blinding light obstructing her view, LISA RISSE had difficulty finding her identification in her purse. Plaintiff explained that the light was blinding and requested that the Defendant point the light away from her eyes in order to facilitate the production of her identification, but MICHAEL

PORTER refused. Plaintiff then placed and opened her purse on the back of her vehicle, and then stepped back several steps away with her hands up and to the side. LISA RISSE, a Probation Officer, had a small off-duty firearm in her purse, which she was and is legally allowed to carry, and informed MICHAEL PORTER of the firearm in her possession as she searched for identification. MICHAEL PORTER then raised his own pistol in a shooter's stance and pointed it directly at Plaintiff.  MICHAEL PORTER aggressively shouted "Gun! You have a gun! You have a gun!" while brandishing a weapon at Plaintiff, causing Plaintiff's daughter to begin screaming and crying. MICHAEL PORTER shouted confusing instructions that conflicted with one another. Defendant MICHAEL PORTER requested that Plaintiff back up, keep her hands up, and hand him her purse, and hand him her firearm. Plaintiff attempted to explain over her daughter's and MICHAEL PORTER'S screaming that she could find her identification if she was not blinded by his spotlight.  Plaintiff repeatedly told MICHAEL PORTER he could take her firearm, and MICHAEL PORTER repeatedly screamed at Plaintiff to give him her firearm.  Plaintiff was certain that MICHAEL PORTER was about to shoot and kill Plaintiff in front of Plaintiff's daughter, based upon his shoot-ready stance, screaming, and obviously malicious intent.  Plaintiff was in mortal fear of her life. Shortly thereafter, Plaintiff was rushed by MICHAEL PORTER and slammed into the car next to her and subsequently put in handcuffs in an excessively aggressive manner.  MICHAEL PORTER also screamed at Plaintiff's eight-year-old daughter, "Shut the f*** up!"

15.    MICHAEL PORTER's escalation of a routine request had caused a commotion attracting passersby, including LISA RISSE'S husband and son.

16.    MICHAEL PORTER again shouted expletives at Plaintiff's young children and other surrounding family members while positioning himself in a threatening manner, holding his service weapon as if he were ready to draw it again.

17.    LISA RISSE is suffering from anxiety and emotional distress due to Defendant's misconduct.

18.    MICHAEL PORTER then placed Plaintiff in the back seat of a police vehicle with the windows rolled up and doors locked. Plaintiff was detained for more than an hour in a locked

-4-

vehicle with improper ventilation, which caused her to become nauseated and nearly lost consciousness. LISA RISSE vomited on herself while detained due to the improper conditions she was placed in by MICHAEL PORTER. MICHAEL PORTER opened the car door and asked if Plaintiff would like to have an ambulance called for her. Plaintiff answered no and MICHAEL PORTER closed the door and continued to keep her in these conditions with the police vehicle's heater turned on. After detaining Plaintiff for more than an hour in harsh conditions, MICHAEL PORTER released the plaintiff with nothing more than a citation for resisting arrest. Plaintiff has not been charged with any crime arising from the April 13, 2018 incident.

19.     The following week officer MICHAEL PORTER called the Rio Linda Little League Office and told the league that it should ban LISA RISSE and her family from the league because they are "dangerous."

20.     LISA RISSE is suffering from anxiety and emotional distress due to Defendant's misconduct and fallacious misrepresentation of Plaintiff's character.

21.     On several occasions MICHAEL PORTER contacted Plaintiff's place of employment and spoke to employees at random to continue harassing the Plaintiff. He was able to reach several of Plaintiff's coworkers which include Joe Gillman and Cathy Dallas about the April 13, 2018 incident, falsely stating she was aggressive and resisted arrest. MICHAEL PORTER continued to make unlawful, unfounded, and derogatory remarks about Plaintiff's character to LISA RISSE'S coworkers.

22.     Plaintiff took an extended leave of absence due to the actions of defendants, including without limitation the defamation of her character, harassment, and attempts to publicly humiliate Plaintiff.

23.     LISA RISSE is suffering from anxiety and emotional distress due to Defendant's continued harassment and defamation.

## FIRST CLAIM

### UNREASONABLE FORCE

**(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

24.     The first claim is asserted by LISA RISSE against all Defendants.

25. LISA RISSE realleges and incorporates each and every allegation above, to the extent relevant as if fully set forth in this claim.

26. MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

27. Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution.

28. Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

29. As a direct and proximate result of Defendants' actions and inactions, LISA RISSE suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

## SECOND CLAIM

### FALSE ARREST/IMPRISONMENT

**(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

30. The Second Claim is asserted by Plaintiff against all Defendants.

31. Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this claim.

32. Defendant's actions and inactions were motivated by ill intent, involved reckless or callous indifference to Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

33. Defendants acting under color of state law and as policy-making authorities, knew

-6-

or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution.

34.    Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

35.    As a direct and proximate result of MICHAEL PORTER'S actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

## THIRD CLAIM

### UNREASONABLE ENTRY/SEARCH

**(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

36.    The Third Claim is asserted by Plaintiff against all Defendants.

37.    Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this claim.

38.    MICHAEL PORTER acting or purporting to act in the performance of their official duties as a law enforcement officer searched Plaintiff's purse and persons, without a warrant and without justification, in violation of her rights secured by the fourth and fourteenth amendments of the U.S. Constitution.

39.    MICHAEL PORTER's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

40.    Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of

-7-

excessive and unreasonable force against persons contacted, resulting in the violation of LISA

RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution.

41.     Defendants' actions and inactions were motivated by evil motive or intent,

involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and

Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

42.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff

suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

**FOURTH CLAIM:**

**NEGLIGENCE**

**(Common Law; Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

43.     The Fourth Claim is asserted by LISA RISSE against all Defendants.

44.     Plaintiff reallege and incorporate each and every allegation above, to the extent

relevant, as if fully set forth in this claim.

45.     MICHAEL PORTER owed Plaintiff a duty of care and breached that duty by (i)

using excessive and unreasonable force against Plaintiff, employing improper tactical conduct,

and making improper decisions preceding the use of excessive and unreasonable force; (ii) falsely

arresting Plaintiff; (iii) and causing emotional distress due to his continuous defamation of

Plaintiff.

46.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL

CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1

through 75 owed a duty of care and breached that duty by hiring, retaining, and failing to

adequately train and supervise MICHAEL PORTER, who was incompetent or unfit, and where

RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO

RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75

knew or should have known that hiring, retaining, and failing to adequately train and MICHAEL

PORTER created a particular risk or hazard that caused Plaintiff's injuries.

47.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL

CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1

-8-

through 75, are indirectly and vicariously liable, through the principles of respondent superior, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

48.     Defendant's actions and inactions constituted oppression, fraud, and/or malice resulting in harm to Plaintiff.

49.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

50.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

51.     As a direct and proximate result of Defendant's actions and inactions, Plaintiff suffered injuries entitling them to receive compensatory and punitive damages against Defendants.

## FIFTH CLAIM

### ASSAULT/BATTERY

**(Cal. Code Civ. Proc. §377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

52.     The Fifth Claim is asserted by LISA RISSE against all Defendants.

53.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this claim.

54.     MICHAEL PORTER intentionally touched LISA RISSE without consent, and that touching of LISA RISSE constituted use of excessive and unreasonable force. MICHAEL PORTER intended to cause harmful or offensive contact constituting excessive and unreasonable use of force of LISA RISSE without consent. LISA RISSE reasonably believed she was about to be touched in such a harmful or offensive manner constituting excessive and unreasonable use of

-9-

force.

55.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75 are indirectly and vicariously liable through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

56.     MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

57.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

58.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

59.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

## SIXTH CLAIM

### UNREASONABLE ENTRY/SEARCH

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

60.     The Sixth Claim is asserted by Plaintiff against all Defendants.

61.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

62.     MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, searched Plaintiff's purse and Persons, without a warrant and without justification, in violation of her rights secured by art. I, § 13 of the California

-10-

Constitution.

63.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

64.     MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

65.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

66.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

67.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

### SEVENTH CLAIM

### FAILURE TO DISCHARGE MANDATORY DUTY

### (Cal Gov. Code § 815.6; Cal. Code Civ. Proc. § 1060)

68.     The Seventh Claim is asserted by Plaintiff against all Defendants.

69.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

70.     Plaintiff was arrested and released, and no accusatory pleading was filed charging them with an offense. Thereafter, Defendants failed to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6, on a continuing and ongoing basis, including: (1) to deem

-11-

Plaintiff's arrest a detention only; (2) to issue a certificate to Plaintiff describing her arrest as a detention only; and (3) on information and belief, to delete references to Plaintiff's arrests from the arrest records of the Sacramento County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

71.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's.

72.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

73.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

## EIGHTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (Common Law; Cal. Gov. Code §§ 815.2(a), 820(a))

74.     The Eighth Claim is asserted by Plaintiff against all Defendants.

75.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this claim.

76.     Defendants, acting or purporting to act in the performance in and out of their official duties as a law enforcement officer, engaged in outrageous conduct, as described, and, as a result of that outrageous conduct, Plaintiff did suffer severe emotional distress.

77.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of

-12-

their employment, including RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75.

78.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

79.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

80.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

81.     As a direct and proximate result of RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75's actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

## NINTH CLAIM

### DEFAMATION

### (Common Law; Cal. Civil Code §§ 44, 45)

82.     The Ninth Claim is asserted by Plaintiff against all Defendants.

83.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant as it fully set forth in this claim.

84.     MICHAEL PORTER harmed LISA RISSE by making false and incredulous statements to various persons on multiple occasions. MICHAEL PORTER (i) spoke to league

-13-

representatives at the Rio Linda Little League Office to request that LISA RISSE and her family be barred from returning to park grounds by falsifying claims of their April 13, 2018 encounter; (ii) MICHAEL PORTER made derogatory and unfounded statements to several of LISA RISSE'S coworkers, Joe Gillman and Cathy Dallas, about LISA RISSE that a reasonable person would determine the statements would unequivocally harm her character, reputation, and occupation. Plaintiff suffered severe emotional distress along with shame, mortification, and hurt feelings.

85.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75.

86.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

87.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

88.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

89.     As a direct and proximate result of RIO LINDA ELVERTA RECREATION &

-14-

PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY

OF SACRAMENTO and DOES 1 through 75's actions and inactions, Plaintiff suffered injuries

entitling her to receive compensatory and punitive damages.

### TENTH CLAIM

### FALSE ARREST/IMPRISONMENT

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

90.     The Tenth Claim is asserted by LISA RISSE against all Defendants.

91.     Plaintiff LISA RISSE realleges and incorporates each and every allegation above,

to the extent relevant, as if fully set forth in this claim.

92.     MICHAEL PORTER, acting or purporting to act in the performance of his official

duties as a law enforcement officer, falsely arrested Plaintiff, without a warrant and without

probable cause in violation of her rights secured by art. I § 13 of the California Constitution.

93.     RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL

CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1

through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for

injuries proximately caused by acts or omissions of their employees acting within the scope of

their employment.

94.     Defendants' actions and inactions constituted oppression, fraud, and/or malice

resulting in great harm to Plaintiff.

95.     Defendants acting under color of state law and as policy-making authorities, knew

or should have known that law enforcement officers under their command, including MICHAEL

PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of

proper training, pursuant to policy, or the result of the lack of policy concerning the use of

excessive and unreasonable force against persons contacted, resulting in the violation of LISA

RISSE's rights.

96.     Defendants' actions and inactions were motivated by evil motive or intent,

involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or

oppressively done.

-15-

97.     As a direct and proximate result of MICHAEL PORTE, RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75'S actions and inactions, Plaintiff suffered injuries entitling receipt of compensatory and punitive damages.

### ELEVENTH CLAIM

**UNREASONABLE FORCE**

**(Article I, § 13 of the California Constitution, Cal. Gov. Code §§ 815.2(a), 820(a))**

98.     The Eleventh Claim is asserted by LISA RISSE against defendants.

99.     Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this claim.

100.    Defendant, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by art. I, § 13 of the California Constitution.

101.    MICHAEL PORTER acting under color of state law and as policy making authorities knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by art I, § 13 of the California Constitution.

102.    RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

103.    RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREACTION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to LISA RISSE.

-16-

104.     Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

105.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

106.     As a direct and proximate result of Defendants' actions and inactions, LISA RISSE suffered injuries entitling her to receive compensatory and punitive damages.

## TWELFTH CLAIM

## RIGHT OF FAMILIAL ASSOCIATION, COMPANIONSHIP, AND SOCIETY

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

107.     The Twelfth Claim is asserted by Plaintiff against defendant.

108.     Plaintiff realleges and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

109.     Defendant acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE in violation of her rights secured by Four and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiff's constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of her Fourteenth Amendment rights protected by the U.S. Constitution.

110.     Defendant's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

111.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling them to receive compensatory and punitive damages against

-17-

Defendants.

## THIRTEENTH CLAIM

### RIGHT OF ASSOCIATION, COMPANIONSHIP, AND SOCIETY

#### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

112.   The Thirteenth Claim is asserted by LISA RISSE against all Defendants.

113.   Plaintiff realleges and incorporates each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

114.   MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiff's constitutionally-protected right of association, companionship, and society with her parent/child/ domestic partner/sibling, in violation of her First and Fourteenth Amendment rights protected by the U.S. Constitution.

115.   MICHAEL PORTER's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff's rights secured by the First and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

116.   Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution.

117.   Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

118.   As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

-18-

**FOURTEENTH CLAIM**

**VIOLATION OF CIVIL RIGHTS**

**(42 USC §1983)**

119.   The Fourteenth Claim is asserted by Plaintiff LISA RISSE against all Defendants.

120.   Plaintiff LISA RISSE realleges and incorporates each and every allegation above, to the extent relevant, as it fully set forth in this claim.

121.   MICHAEL PORTER on or about April 13, 2018 was employed as a peace officer and acted under the color of law, which subsequently meant that he owed Plaintiff a duty of care and was in breach of that duty by using excessive and unreasonable force against Plaintiff, employing improper tactical conduct in the erroneous detention and false arrest of Plaintiff.

122.   On or about April 13, 2018, Plaintiff LISA RISSE sustained injuries whenshe was violently detained by defendant and additionally sustained severe emotional distress inflicted by defendant's misconduct. At the time of Plaintiff's false arrest, Plaintiff was in compliance with the officer's commands and was not posing any threat of deadly or serious bodily harm. Defendant's misconduct led to all injuries as it fully set forth in this claim.

123.   Plaintiff is informed and believes and thereon alleges that Defendant Porter's actions were done with deliberate indifference to Plaintiff's rights, health, safety security. Defendant violated arrest and detention protocols, as well as state and/or institutional policies and procedures.

124.   Plaintiff is further informed and believes and thereon alleges that, in total conscious disregard for the safety of Plaintiff and in utter and complete deliberate indifference for her safety, Defendants, and each of them failed, violated preexisting procedures, facilitated the erroneous misconduct of MICHAEL PORTER and failed, refused and/or delayed providing an adequate and reasonable response to the false arrest and imprisonment of LISA RISSE. By reason of the acts and omissions of the Defendants, and each of them, Plaintiff, was deprived of rights, privileges and immunities secured to her by the Constitution and laws of the United States, including but not limited to the Eighth and Fourteenth Amendments to the Constitution of the United States and 24 USC Section 42 U.S.C.A. Section 1983.

-19-

125. Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution.

126. Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

127. As a direct and proximate result of MICHAEL PORTER, RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75's actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages.

## FIFTEENTH CLAIM

### VIOLATION OF UNITED STATES CONSTITUTION

#### (United States Constitution Amendment 4 § 1)

128. The Fifteenth Claim is asserted by Plaintiff LISA RISSE against all Defendants.

129. Plaintiff LISA RISSE realleges and incorporates each and every allegation above, to the extent relevant, as it fully set forth in this claim.

130. Defendants, and each of them, subjected Plaintiff to the violation of her rights under the Fourth and Fourteenth amendments of the U.S. Constitution.

131. Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

132. Defendants' actions and inactions were motivated by evil motive or intent,

involved reckless or callous indifference to LISA RISSE's rights secured by the Fourth and

Fourteenth amendments of the U.S. Constitution, or were wantonly or oppressively done.

133.    As a direct and proximate result of MICHAEL PORTER, RIO LINDA ELVERTA

RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK

DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75's actions and inactions,

Plaintiff suffered injuries entitling her to receive compensatory and punitive damages.

**SIXTEENTH CLAIM**

**VIOLATION OF UNRUH ACT**

**(Cal. Civ. Code Sec. 51)**

134.    The Sixteenth Claim is asserted by Plaintiff LISA RISSE against all Defendants.

135.    Plaintiff LISA RISSE realleges and incorporates each and every allegation above,

to the extent relevant, as it fully set forth in this claim.

136.    MICHAEL PORTER on or about April 13, 2018, acted under the color of law

while he was on duty and carried out an unlawful arrest with unreasonable force. His use of

excessive force in his arrest of Plaintiff stands in violation of the Unruh Act.

137.     On or about April 13, 2018, while acting under the color of law, Defendant

MICHAEL PORTER approached Plaintiff while wearing a police uniform, adjacent to a Fulton –

El Camino Recreation & Park patrol vehicle. MICHAEL PORTER escalated to violence while

Plaintiff was complaint in defendant's commands. LISA RISSE was thrown against a surrounding

vehicle and violently placed in custody in the back of the patrol vehicle. A reasonable law

enforcement officer in the same circumstance would not have escalated to violence in similar

circumstances. Plaintiff did not pose an immediate threat to the safety of MICHAEL PORTER or

others. Defendant unnecessarily escalated what would have otherwise been a routine non-moving

violation into a lethal scenario with reckless abandon and with blatant disregard of Plaintiff's

safety or wellbeing. LISA RISSE was not actively resisting or attempting to avoid arrest but was

following MICHAEL PORTER's commands and was blindsided by the defendant's violence.

Defendant's use of excessive force was the main contributing factor in causing LISA RISSE's

injury and harm.

138.   Defendants acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of LISA RISSE's rights.

139.   Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to LISA RISSE's rights, or were wantonly or oppressively done.

140.   As a direct and proximate result of MICHAEL PORTER'S actions and inactions, Plaintiff suffered injuries entitling receipt of compensatory and punitive damages

## SEVENTEENTH CLAIM
### Bane Act
**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

141.   The Seventeenth Claim is asserted by Plaintiff against Defendants.

142.   Plaintiff reallege and incorporate each and every allegation above, to the extent relevant, as if fully set forth in this Claim.

### Unreasonable Force

143.   MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally and/or with reckless or deliberate indifference, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

144.   Defendants, acting under color of state law and as policy-making authorities, intentionally and/or with reckless or deliberate indifference, knew or should have known that law enforcement officers under their command, including MICHAEL PORTER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force

-22-

against persons contacted, resulting in the violation of LISA RISSE's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

145.    RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

146.    MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to LISA RISSE.

147.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory, punitive damages and statutory penalties against Defendants.

False Arrest/Imprisonment

148.    MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally and/or with reckless or deliberate indifference, falsely arrested Plaintiff, without a warrant and without probable cause, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

149.    RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

150.    Defendants' actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

151.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory, punitive damages and statutory penalties.

Unreasonable Search

152.   MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally and/or with reckless or deliberate indifference, entered and/or searched Plaintiff's purse and persons, without a warrant and without justification, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

153.   RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

154.   MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

155.   As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory, punitive damages and statutory penalties.

Right of Familial Association, Companionship, and Society

156.   MICHAEL PORTER acting or purporting to act in the performance of their official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiff's constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7(a) of the California Constitution.

157.   RIO LINDA ELVERTA RECREATION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through 75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

-24-

158.   MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

159.   As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory, punitive damages and statutory penalties.

<u>Right of Association, Companionship, and Society</u>

160.   MICHAEL PORTER, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against LISA RISSE, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiff's constitutionally-protected right of association, companionship, and society with their parent/child/domestic partner/sibling, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, §§ 1 and 7(a) of the California Constitution.

161.   RIO LINDA ELVERTA RECRETION & PARK DISTRICT, FULTON – EL CAMINO RECREATION & PARK DISTRICT, COUNTY OF SACRAMENTO, and DOES 1 through75 are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including MICHAEL PORTER.

162.   MICHAEL PORTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff.

163.   As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered injuries entitling her to receive compensatory, punitive damages and statutory penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks Judgment as follows:

1.   For special and general damages;

2.   For compensatory damages for severe emotional and physical harm caused to Plaintiff;

3.   For punitive damages pursuant to California Civil Code § 3294 against the

-25-

individual Defendants in an amount to be determined at the time of trial;

    4.    For attorneys' fees, costs and other remedies;

    5.    For costs and expenses of suit herein incurred; and

    6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial of all issues by a jury.


DATED: April 11, 2019        CUTTER LAW, P.C.

By: _____
           John R. Parker, Jr.
           *Attorney for Plaintiff*